UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LONNY BRISTOW,**

    **Plaintiff,**

    v.

                                       Civil Action 2:12-cv-412
                                       Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge E.A. Preston Deavers

**AMBER, MAIL SCREENER,** *et al.,*

    **Defendants.**

### ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Lonny Bristow, who is proceeding without the assistance of counsel, brings this action against two Madison Correctional Institutional ("MCI") employees who work in the institution's mail room. Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants' handling of his emails violated his rights under the First Amendment. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which the Court **GRANTS**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

According to the Complaint, Plaintiff sent emails to Donney Greathouse, an inmate incarcerated at MCI, via Jpay, an inmate platform. In April 2012, several of his emails were not delivered to Greathouse. Plaintiff complained to the Ohio Department of Rehabilitation and Correction's legal counsel, Austin Stout. Stout investigated Plaintiff's complaints and instructed the institution to take measures to ensure that the emails were being properly handled. After Stout's intervention, Plaintiff's emails were properly delivered Greathouse.

On or about May 4, 2012, Greathouse was transferred to Warren Correctional Institution ("WCI"). Plaintiff was not aware that Greathouse had been transferred and continued to send emails to the MCI address. On May 8, 2012, when Plaintiff realized that an email he sent had not been delivered to Greathouse, Plaintiff contacted Defendant Amber. Defendant Amber informed Plaintiff that Greathouse's emails were being withheld until he returned to MCI. On May 9, 2012, Plaintiff spoke with Defendant Reynolds, who confirmed that Defendants were holding Plaintiff's emails to Greathouse. Plaintiff also spoke to MCI Captain Kauffman, who instructed Defendants to forward Plaintiff's email correspondence to WCI.

Plaintiff filed this action on May 11, 2012. Plaintiff asserts that Defendants conspired to refuse to forward his emails to Greathouse in violation of his First Amendment rights. He further asserts that Defendants retaliated against him for complaining of the delivery delays. He seeks nominal and punitive damages.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]'

---

[1]Formerly 28 U.S.C. § 1915(d).

devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III.

The undersigned recommends dismissal of Plaintiff's action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's contention that Defendants' five-day delay in forwarding his emails impinged upon his First Amendment rights is unpersuasive. The Court is unable to find any authority that requires a prison to permit an individual outside the prison to communicate with inmates via email, let alone any authority that requires instantaneous forwarding and delivery of email communications. Indeed, courts considering whether inmates have a First Amendment right to access email have consistently concluded that they do not. *See, e.g., Grayson v. Fed. Bur. of Prisons*, No. 5:11cv2, 2012 WL 380426, at *3 (N.D. W.Va. Feb. 6, 2012) ("[P]risoners have no First Amendment constitutional right to access email."); *Rueb v. Zavaras*, No. 09–cv–02817, 2011 WL 839320, at *6 (D.Colo. Mar. 7, 2011) ("[I]nmates have no established First Amendment right to access email."); *Holloway v. Magness*, No. 5:07cv88, 2011

WL 204891, at *7 (E.D. Ark. Jan. 21, 2011) ("[A]ssuming that the free speech clause of the First Amendment requires prisons to permit communication between prisoners and persons outside the prison, . . . the First Amendment [does not require] that the government provide telephones, videoconferencing, email, or any of the other marvelous forms of technology that allow instantaneous communication across geographical distances; the First Amendment is a limit on the exercise of governmental power, not a source of positive obligation . . . ."). Notably, Plaintiff does not assert that he was unable to communicate with Greathouse via telephone or United States Mail. Finally, because Plaintiff has not alleged facts demonstrating that he engaged in an activity protected under the First Amendment, the undersigned likewise concludes that he has failed to state a valid retaliation claim.

## IV.

In summary, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal causes of action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: May 16, 2012                                                          /s/ *Elizabeth A. Preston Deavers*
                                                                                        Elizabeth A. Preston Deavers
                                                                                        United States Magistrate Judge