UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LONNY BRISTOW,

      Plaintiff,

v.

AMBER, MAIL SCREENER, et al.,

      Defendants.

Case No. 2:12-cv-412
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is presently before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 5.) For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections.

### I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, asserting that Defendants violated his constitutional right to free speech under the First Amendment to the United States Constitution and retaliated against him for exercising his First Amendment rights. Plaintiff bases his claims on the allegations that Defendants failed to deliver certain email communications that he had written to another inmate. As Magistrate Judge Elizabeth A. Preston Deavers set out in her Report and Recommendation:

> According to the Complaint, Plaintiff sent emails to Donney Greathouse, an inmate incarcerated at [Madison Correctional Institutional ("MCI")], via J-pay, an inmate platform. In April 2012, several of his emails were not delivered to Greathouse. Plaintiff complained to the Ohio Department of Rehabilitation and Correction's legal counsel, Austin Stout. Stout investigated Plaintiff's complaints and instructed the institution to take measures to ensure that the emails were being properly handled. After Stout's intervention, Plaintiff's emails were properly

> delivered Greathouse.
>
> On or about May 4, 2012, Greathouse was transferred to Warren Correctional Institution ("WCI"). Plaintiff was not aware that Greathouse had been transferred and continued to send emails to the MCI address. On May 8, 2012, when Plaintiff realized that an email he sent had not been delivered to Greathouse, Plaintiff contacted Defendant Amber. Defendant Amber informed Plaintiff that Greathouse's emails were being withheld until he returned to MCI. On May 9, 2012, Plaintiff spoke with Defendant Reynolds, who confirmed that Defendants were holding Plaintiff's emails to Greathouse. Plaintiff also spoke to MCI Captain Kauffman, who instructed Defendants to forward Plaintiff's email correspondence to WCI. Plaintiff filed this action on May 11, 2012. Plaintiff asserts that Defendants conspired to refuse to forward his emails to Greathouse in violation of his First Amendment rights. He further asserts that Defendants retaliated against him for complaining of the delivery delays. He seeks nominal and punitive damages.

(Doc. No. 2 at 2.)

Counts I and II of Plaintiff's complaint allege that on or about May 4-9, 2012, Defendants refused to forward the communications that Plaintiff had written to Inmate Greathouse. In Counts III and IV, Plaintiff alleges that on or about May 4-9, 2012, Defendants retaliated against him because he complained about their refusal to forward his correspondence to Greathouse. Finally, Count V alleges that on or about May 4-9, 2012, Defendants engaged in a conspiracy to deprive Plaintiff of his First Amendment rights.

Magistrate Judge Deavers issued a Report and Recommendation that recommended dismissal of Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). Plaintiff timely objects to the Magistrate Judge's decision.

## II. STANDARD

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

Magistrate Judge Deavers found that Plaintiff failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Sixth Circuit applies Federal Rule of Civil Procedure 12(b)(6) standards to review whether a complaint states a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Rule 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of Plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id. See also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

3

## III. ANALYSIS

As to Plaintiff's claims regarding failure to forward his correspondences on or about May 4-9, 2012, Plaintiff argues that he only alleged that the emails had not been sent as of May 9, 2012, because he filed the complaint at that time. Plaintiff submits evidence showing that the emails have still not been forwarded. Plaintiff contends that Magistrate Judge Deavers relied upon the fact that Plaintiff's emails had only been delayed five days "to determine that no violation occurred." (Doc. No. 5 at 2.) Therefore, Plaintiff concludes, since the emails have still not been forwarded, the Magistrate Judge's decision is erroneous. This Court disagrees.

The Magistrate Judge did not recommend dismissal of Plaintiff's First Amendment claims because the emails were only withheld five days. Magistrate Judge Deavers was clear that she dismissed the claims because she found no authority to support the proposition that an inmate has a constitutional right to communicate via email:

> The Court is unable to find any authority that requires a prison to permit an individual outside the prison to communicate with inmates via email, let alone any authority that requires instantaneous forwarding and delivery of email communications. Indeed, courts considering whether inmates have a First Amendment right to access email have consistently concluded that they do not. See, e.g., *Grayson v. Fed. Bur. of Prisons*, No. 5:11cv2, 2012 WL 380426, at *3 (N.D. W.Va. Feb. 6, 2012) ("[P]risoners have no First Amendment constitutional right to access email."); *Rueb v. Zavaras*, No. 09–cv–02817, 2011 WL 839320, at *6 (D.Colo. Mar. 7, 2011) ("[I]nmates have no established First Amendment right to access email."); *Holloway v. Magness*, No. 5:07cv88, 2011 WL 204891, at *7 (E.D. Ark. Jan. 21, 2011) ("[A]ssuming that the free speech clause of the First Amendment requires prisons to permit communication between prisoners and persons outside the prison, . . . the First Amendment [does not require] that the government provide telephones, videoconferencing, email, or any of the other marvelous forms of technology that allow instantaneous communication across geographical distances; the First Amendment is a limit on the exercise of governmental power, not a source of positive obligation . . . .").

(Doc. No. 5 at 4.) Magistrate Judge Deavers' decision is based on her conclusion that Plaintiff

4

had no constitutional right to have his emails sent to Greathouse, not the time delay in sending the emails.

Plaintiff also takes issue with the Magistrate Judge's statement that the complaint was strictly directed to emails. Plaintiff argues that Defendants failed to mail his letters to Greathous that were sent using the United States Postal Service prior to May 4-9, 2012. Plaintiff, however, does not bring any claims regarding postal mail that was allegedly not sent weeks before the transaction and occurrence about which he complains in the complaint. Indeed, in each claim Plaintiff specifically refers to Defendants' alleged failure to forward the correspondence "on or about May 4-9, 2012," after Greathouse had been transferred to WCI. If Plaintiff believes his constitutional rights were violated at some other time (weeks before May 4, 2012), in some other way (failure to send or deliver mail sent by U.S. Postal Service), he must bring a complaint alleging such.[1]

Accordingly, even when construing the complaint in favor of Plaintiff and accepting the factual allegations contained in it as true, Plaintiff has failed to present a plausible First Amendment claim.

Plaintiff next objects to the Magistrate Judge's conclusion regarding retaliation, arguing that she completely failed to address his claims. Plaintiff cites to case law that stands for the proposition that retaliation under color of law for the exercise of First Amendment rights is unconstitutional. (Doc. No. 5 at 4) (citing, *inter alia*, *Zilich v. Longo*, 34 F.3d 359, 365 (6th Cir.

---

[1] The Court makes no suggestion that a claim alleging a prison's failure to send mail from an inmate to another inmate or failure to deliver mail sent from one inmate to another inmate would lie, only that one has not been alleged here.

5

1994) ("The law is well settled in this Circuit that retaliation under color of law for the exercise of First Amendment rights is unconstitutional[.]"). Plaintiff concludes that this law supports his argument that his retaliation claim should not be dismissed. Plaintiff, however, is mistaken.

That is, the law upon which Plaintiff relies presupposes the engagement in protected conduct, which is not present in this case. If there is no exercise of First Amendment rights, there can be no retaliation based on the exercise of First Amendment rights. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (to establish First Amendment retaliation claim, a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of "ordinary firmness from continuing to engage in that conduct," and (3) "the adverse action was motivated at least in part by the [prisoner's] protected conduct."). Therefore, Magistrate Judge Deavers correctly concluded that Plaintiff's retaliation claims fails to state plausible claims for relief.

## IV. CONCLUSION

Plaintiff's Objections to Magistrate Judge's Report and Recommendation are **OVERRULED**. (Doc. No. 5.) The Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety (Doc. No. 2) and this case is **DISMISSED**. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**IT IS SO ORDERED.**

_5-31-2012_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**